Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3161 | **DATE** | May 27, 2004 |
| **CASE TITLE** | Valery F. Grebenuk   v   Janet Reno, etc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Memorandum opinion and order entered.
The petition for habeas corpus relief is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| X | Notices mailed by judge's staff. | | | MAY ___ | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 16 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| GS | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VALERY F. GREBENUK, )
 )
    Petitioner, )
 )   No.   99 C 3161
v. )
 )   Judge Robert W. Gettleman
JANET RENO, Attorney General, BRIAN R. )
PERRYMAN, District Director of the Immigration )
and Naturalization Service, )
 )
    Respondents. )

DOCKETED
MAY 28 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Valery F. Grebenuk has brought a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241 and § 1651, based on his alleged receipt of ineffective assistance of counsel at his deportation hearing. Respondent has answered the petition, arguing first that the court lacks subject matter jurisdiction, and second that the petition has no merit. For the reasons set forth below, the petition is dismissed.

## BACKGROUND

Petitioner is a citizen of the Ukraine Republic who entered the United States on April 28, 1992, as a visitor for pleasure with authorization to remain until October 27, 1992. He filed an application for asylum with the Asylum Office of the Immigration and Naturalization Service ("INS") on October 8, 1992, based on religious persecution. Petitioner remained in the United States beyond October 27, 1992, without authorization from the INS, and deportation proceedings were brought against him. The asylum application was referred to the deportation judge, who considered it as both an application for asylum and a request for withholding of deportation pursuant to §§ 208 and 243(h) of the Immigration and Nationality Act, 8 U.S.C.

16

§ 1158. Petitioner's deportation hearing was held on September 22, 1997. Because petitioner admitted over-staying, the court found him deportable and held an evidentiary hearing on the application for asylum and request to withhold deportation. Petitioner, who spoke little English, was represented by counsel who merely submitted petitioner's affidavit attached to his asylum application, which detailed several past incidents of persecution in the Ukraine against petitioner because his is Jewish. In particular, the affidavit detailed severe beatings by classmates, arrests by the police, death threats, and inability to obtain or maintain employment.

In addition to the affidavit, petitioner's counsel introduced two documents that petitioner had apparently just received from relatives in the Ukraine. Those documents purported to indicate that petitioner had received in-patient hospital care in the Ukraine from April 12, 1992 to May 1, 1992, for injuries resulting from a beating. It was undisputed, however, that petitioner had entered the United States on April 28, 1992, and thus could not have received care in the Ukraine through May 1. When questioned about this, petitioner's only response was that there must have been a translation error, and that he received out-patient care only. No other evidence was offered by petitioner's counsel. Petitioner did not testify about the details of his life in the Ukraine, relying instead on his affidavit, which was prepared shortly after his arrival in this country by a representative of "an organization purporting to help Jewish immigrants." The affidavit is in English, and petitioner claims not to have ever received a translation of it.

The immigration judge, in a brief oral ruling, indicated that he considered the contents of the affidavit in his decision, but discredited petitioner's explanation of the hospital records and found that petitioner's claim was wholly self serving and not corroborated by any credible evidence. The immigration judge therefore found that petitioner had failed to establish that he

had been subjected to persecution within the meaning of §§ 208 or 243(h) of the Act, and denied the application for asylum and for withholding of deportation.

Petitioner's counsel filed a notice of appeal to the Board of Immigration Appeals ("BIA"), but never submitted a brief in support. In a one page per curium order, the BIA dismissed the appeal, agreeing with the immigration judge that petitioner had failed to provide any credible evidence in support of his claim of past persecution and fear of future persecution. In particular, the BIA focused on the discrepancies in the hospital records and agreed with the immigration judge that petitioner had not "presented a believable, consistent, and sufficiently detailed claim so as to provide a plausible and coherent account of the basis for his alleged fear."

The BIA sent its opinion to plaintiff's counsel, who did not forward it to petitioner. According to petitioner, the first he learned of the decision was when he received a letter on April 26, 1999, directing him to report to the deportation section of the Chicago district office for deportation to the Ukraine. Petitioner immediately contacted new counsel who, on May 3, 1999, went the immigration court to review the file but was told that he had to make an appointment. He returned on the following day to hear the audiotape of the trial, and then obtained the file on May 5, 1999, and began to prepare the instant petition and an emergency motion for stay of deportation. The following day, May 6, 1999, petitioner's new counsel showed petitioner the contents of the court file, and told petitioner that his right to file a petition for review of the final order of deportation from the BIA to the Seventh Circuit Court of Appeals would expire that day. Counsel informed petitioner that the record as it existed was such that any appeal taken to the Seventh Circuit would be frivolous.

Rather than file a petition for review, on May 7, 1999, petitioner's new counsel filed an emergency motion to reopen and remand and motion for stay of deportation with the BIA. The BIA has failed to rule on either motion. On May 11, 1999, petitioner filed an emergency request for stay with then-District Director Brian R. Perryman, which was denied on May 25, 1999.

## DISCUSSION

Although not set out in his pleadings, petitioner's brief requests this court to direct the BIA to: (1) grant the motion to reopen; (2) vacate the denial of petitioner's application of asylum; and (3) remand the matter to the immigration court with directions for a new hearing. Respondent argues that this court lacks subject matter jurisdiction over the case.[1]

Section 208(a) of the Act grants the Attorney General discretion to grant asylum to an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinions." 8 U.S.C. § 1101(a)(42)(A). Unlike other discretionary decisions of the Attorney General that are generally unreviewable by any court, see 8 U.S.C. § 1252(a)(2)(B), the denial of an asylum request is reviewable directly by the court of appeals for the judicial circuit in which the immigration judge completed the proceeding. 8 U.S.C. § 1252a(1), (a)(2)(V)(ii), (b)(2). The Attorney General's discretionary judgment whether to grant asylum is conclusive unless manifestly contrary to the law and an abuse of discretion. 8 U.S.C. § 1252(b)(4)(D). Thus, there is no question that petitioner had a right to appeal the BIA's

---

[1] The judge previously assigned to this case initially denied respondent's motion to dismiss for lack of jurisdiction, holding that it had jurisdiction under the All Writs Act, 28 U.S.C. § 1651. Respondent has raised the issue again, and because the court has no authority to act without subject matter jurisdiction it is obligated to review the issue.

dismissal of his appeal of the immigration judge's denial of his asylum petition. He had 30 days to do so, by filing a petition for review in the Seventh Circuit. 8 U.S.C. § 1252(b)(1)(2). Petitioner knew this. The petition for habeas relief specifically states that his new attorney informed him of the time to appeal, but petitioner, on advice of that same counsel, elected not to file a petition for review, instead filing, (after the expiration of the 30 days) the instant petition for habeas relief. In his brief, petitioner argues that appellate review would have been "frivolous because such an appeal would be limited to the record which contains nothing to appeal," due to his former counsel's ineffective assistance. He argues that because his case was "never presented to the immigration court, it would be impossible to argue that the immigration court errored [sic] in not granting [petitioner] asylum."

This argument might make some sense if petitioner were challenging the immigration judge's decision on the merits (i.e., as manifestly contrary to the law and an abuse of discretion), but he is not. His challenge is that he was denied due process by the ineffective assistance of his counsel. The record that would support that argument to the Seventh Circuit, however, is the same as the record before this court, and the Seventh Circuit regularly reviews claims of ineffective assistance of counsel at deportation hearings. See Pop v. I.N.S., 279 F.3d 457, (7th Cir. 2002); Chowdhury v. Ashcroft, 241 F.3d 848 (7th Cir. 2001).

Moreover, the Seventh Circuit has held that an alien may challenge deportability on constitutional grounds (if a substantial constitutional claim is raised), but that the challenge must be made directly in the court of appeals. LaGuerre v. Reno. 164 F.3d 1035, 1040 (7th Cir. 1998). Thus, the Seventh Circuit has retained jurisdiction over substantial constitutional claims raised as a "safety valve" to prevent "bizarre miscarriages of justice." Id. That availability of review in

5

the court of appeals requires rejection of habeas review. Id. LaGuerre did leave open the possibility of habeas review if "for reason beyond the alien's control he could not have raised his substantial constitutional issue" in the court of appeals by direct review, id., but that exception cannot apply to the instant case because petitioner could have raised his claim in the Seventh Circuit and elected, on the advice of counsel, not to do so. Accordingly, the court concludes that it lacks jurisdiction over the instant petition.

Moreover, even if the court had jurisdiction over the petition, relief is unavailable. Petitioner's claim is that he was denied due process in the deportation hearing because of ineffective assistance of counsel. As noted in Pop (a judicial review based on ineffective assistance of counsel of the denial of asylum) such claims are virtually foreclosed in the Seventh Circuit. Pop, 279 F.3d at 460-61. More recently, the Seventh Circuit has explained "in order to make out a claim for violation of due process the claimant must have a liberty or property interest in the outcome of the proceedings. But in immigration proceedings a petitioner has no liberty or property interest in obtaining purely discretionary relief, and the denial of such relief therefore cannot implicate due process." Dave v. Ashcroft, 363 F.3d 649, 652-53 (7th Cir. 2004)(internal citations omitted). Under § 208(a) of the Act, the Attorney General has discretion to grant asylum. Thus, because petitioner was seeking purely discretionary relief (he admitted to the facts establishing deportability), he has no right to due process and, thus, no due process right to the effective assistance of counsel.

The court reaches this conclusion with great reluctance. It appears that petitioner is foreclosed from proceeding by the actions and inactions of his counsel rather that by his own considered decisions. The court has reviewed petitioner's October 8, 2002, affidavit, and

6

concludes that the facts alleged could well have supported his application for asylum had they been properly presented to the deportation judge. If those facts were established by petitioner's testimony and corroborated by witnesses available to petitioner, he could have shown that he was subjected to persecution and violence because of his religion and is in danger of further persecution and violence upon his return to Ukraine. Having concluded that it lacks jurisdiction to hear the petition for writ of habeas corpus, however, the court is powerless to correct what may be a serious injustice.[2]

Accordingly, for the reasons set forth above, the petition for habeas corpus relief is dismissed.

**ENTER:** **May 27, 2004**

Robert W. Gettleman
United States District Judge

---

[2]The court notes that the BIA has never ruled on petitioner's request for a stay or his motion to reopen, and that upon such ruling petitioner may be able to appeal that action directly to the court of appeals.